**Alvin GEORGE, Plaintiff,**

v.

**AMERICAN AIRLINES, INC., Defendant.**

**No. 02 C 9490.**

United States District Court, N.D. Illinois, Eastern Division.

July 21, 2005.

Gregory E. Kulis, Kathleen Coyne Ropka, Shehnaz I. Mansuri, Gregory E. Kulis & Associates, Ltd., John Thomas Moran, John T. Moran & Associates, Wilson Skalinder, Lisa Kane & Associates, Ivan M. Rittenberg, Rittenberg & Buffen, Ltd., Chicago, IL, for Plaintiff.

Columbus R. Gangemi, Jr., Cardelle Bratton Spangler, Cheryl Tama Oblander, Julia Saesun Kim, Winston & Strawn, Chicago, IL, for Defendants.

*MEMORANDUM*

SHADUR, Senior District Judge.

As this Court has frequently commented to counsel in cases at the time of the status hearing that it uniformly holds when discovery has been completed, that stage of the litigation poses one of Yogi Berra's classic aphorisms:

When you come to a fork in the road, take it.

At that stage a defendant that has confidence in its ability to prevail because of the absence of material (that is, outcome-determinative) factual disputes has the choice between filing a Fed.R.Civ.P. ("Rule") 56 motion for summary judgment and going to trial.

There is much to be said for the latter alternative, particularly (though not at all exclusively) in employment discrimination cases. Although the reasons for such a choice are obvious to this Court, they are typically less so to defense counsel—hence it is in order to tick off a few.

First, because the law of employment discrimination (for example) is well developed in most respects, this Court never requires the filing of trial briefs in such cases. Indeed, it is extraordinarily rare for this Court—which has after all lived closely with any case on its calendar that has reached the Berra fork in the road—to require trial briefs in *any* type of case. By sharp contrast, defense counsel for a summary judgment movant must file two briefs—both the opening gun and a reply to plaintiff's response.

That requirement is embodied in this District Court's LR 56.1, which has been adopted to facilitate the disposition of summary judgment motions by highlighting the existence or nonexistence of material factual disputes. LR 56.1 is concededly onerous. In large part it is aimed at relieving the District Judge of a burden that was colorfully described in the per curiam

---

opinion in *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991):

> Judges are not like pigs, hunting for truffles buried in briefs.[1]

That burden properly devolves on counsel, and it rests most heavily on defense counsel who represent the summary judgment movant. Again by contrast, the preparation of the joint Final Pretrial Order ("FPTO") that precedes trial (see the suggested form that accompanies the Standing Order Establishing Pretrial Procedures, adopted pursuant to this District Court's LR 16.1(a)) places the initial responsibility for drafting on plaintiff's counsel, then substantially reducing defense counsel's share of the work.[2]

Next, because the legal standard for victory under Rule 56 is identical to the standard for judgment as a matter of law under Rule 50(a)(*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) is the seminal case announcing that principle, which has been repeated innumerable times by courts around the country), defense counsel lose nothing by going to trial: If they are right in viewing their client's position as a slam dunk, they can prevail via a Rule 50(a) motion at the close of plaintiff's case. If so, they are spared the need to go forward with their case in chief.

Indeed, even if the District Judge (whether out of caution or otherwise) takes the Rule 50(a) rule under advisement, the worst that happens is that the evidentiary portion of the trial gets completed—and defendant then wins, either before the jury or by the judge's Rule 50 ruling.[3] By contrast, if (as indicated in the preceding footnote) counsel's judgment in filing a summary judgment motion has been flawed and the motion loses, the parties are back to the Berra fork in the road and must go down the path for trial—so that the Rule 56 motion has generated a total waste of effort.

It should also be added that the gestation period for a summary judgment motion, from the commencement of its burdensome preparation through the briefing stage and then until it reaches the top of the judge's pile of pending motions and is decided, is always longer (at least in terms of this Court's experience) than the time required for preparation of the FPTO and the consequent setting and conduct of a trial. Nor is that a function of any delay caused by this Court's timetable for the disposition of motions—during its quarter-century on the bench, after the first calendar quarter during which it inherited an inordinate number of pending motions from other judges as part of its initial calendar, it has never had to report any motion as having been pending for a reportable period, either under the so-called Biden Bill or under the predecessor requirement for reporting pending motions of a certain age to the Administrative Office of the United States Courts.

This Court regularly brings these and other reasons to the attention of counsel at Yogi Berra time, urging that serious consideration be given to the trial alternative.[4]

---

1. [Footnote by this Court] That proposition applies a fortiori to the review of evidence required to evaluate a Rule 56 motion—see, e.g., *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir.2003) and the cases (including *Dunkel*) cited and quoted there.

2. This Court for one typically relieves both counsel of many of the requirements of the suggested FPTO form, primarily those that are the most labor intensive, instead treating that document primarily as a streamlined vehicle for setting the game plan for trial.

3. It goes without saying that if defendant instead loses at trial, its counsel's alternative judgment in proceeding with a summary judgment motion would have been wrong.

4. It should be clear that the decision in that regard should be based upon the professional

All too often that urging goes unheeded—on occasion, when that has taken place and obvious material factual disputes later emerged from the LR 56.1 procedure, this Court (having given fair advance warning) has shifted the cost of plaintiff's incremental attorneys' fees to the defense side for having forced plaintiffs and their counsel to jump through the hoops twice (and needlessly so).

This case may perhaps illustrate what has been said here (though no final judgment on that score is possible at this point). Defense counsel have just delivered a five-inch-high pile of papers, including a 28–page memorandum of law in support of their summary judgment motion, as the opening gun in the process. No criticism is voiced here, or should mistakenly be inferred, as to the quality of American Airlines' case on the merits: On its face it presents a powerful case in opposition to the claims of plaintiff Alvin George.[5] But for all of the reasons already mentioned, the filing may well reflect an unwise judgment.

It is too late to do anything to avoid the consequences of that judgment here: After the briefing and further submissions have been completed, this Court will deal with and address the Rule 56 motion in due course. But this memorandum is written and is being published for two reasons.

First, in this case this Court will request an accounting from defense counsel as to the cost of having chosen the summary judgment route once the Berra fork was reached—not only the cost represented by the lawyers' time and expenses but also the like costs in terms of American Airlines personnel. Everything that was done up to that point must of course be

viewed as sunk costs, for that work was presumably equally necessary to prepare for trial. But the information as to the post-discovery cost of the Rule 56 motion should provide an empirical basis for a reasonable evaluation of the comparative costs of taking the two paths.

This Court's second reason goes beyond this case. It is certain that this same situation—the question of which path to choose—will continue to present itself in other cases, and it is far preferable to have this memorandum available for reading by like-minded defense counsel in lieu of this Court's necessarily bobtailed oral encouragement during brief status hearings.

---

judgment of counsel rather than a client-driven choice.

**5.** Nor of course is an opinion expressed here as to the ultimate disposition of American Airlines' Rule 56 motion. Only one side has been heard from at this point.